United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA T. LOMBOY, | ) |
| Plaintiff, | ) No. C-09-1160 SC |
| v. | ) |
| | ) ORDER GRANTING IN |
| SCME MORTGAGE BANKERS; B.E.Z. FINANCIAL NETWORK; AURORA LOAN SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUALITY LOAN SERVICES; and all person unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiff's title thereto, and DOES 1-30, inclusive, | ) PART AND DENYING IN ) PART DEFENDANTS' ) <u>MOTION TO DISMISS</u> |
| Defendants. | ) |

I.  **<u>INTRODUCTION</u>**

Plaintiff Imelda Lomboy ("Plaintiff") brought this suit in San Mateo Superior Court, alleging various improprieties surrounding the then-imminent foreclosure of property that was used as security for a loan. <u>See</u> Notice of Removal, Docket No. 1, Ex. 1 ("Compl."). The case was removed to this Court because of federal questions raised in Plaintiff's Complaint. <u>See</u> Notice of Removal. Defendants Aurora Loan Services LLC ("Aurora") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") have each brought a motion to dismiss

("Aurora MTD" and "MERS MTD").  Docket Nos. 4, 8.  Plaintiff filed separate Oppositions to each motion ("Pl.'s Opp'n to Aurora" and "Pl.'s Opp'n to MERS").  Docket Nos. 15, 16.  Defendants each filed a reply ("Aurora Reply" and "MERS Reply").  Docket Nos. 18, 20.  The other three defendants, SCME Mortgage Bankers ("SCME"), B.E.Z. Financial Network ("BEZ"), and Quality Loan Services ("Quality") (collectively, "nonparticipating defendants") did not participate in these motions, and have made no appearance in these proceedings.[1]

After submitting their briefs on the motions, Plaintiff and Defendants stipulated to waive oral argument.  Docket No. 27.  Having considered the briefing, the Court GRANTS IN PART and DENIES IN PART Defendants' motions to dismiss for the reasons stated below.

## II. **BACKGROUND**

On October 18, 2005, Plaintiff received a mortgage loan secured by property located at 28 Huckleberry Court, Brisbane, in San Mateo County, California ("the house").  Compl. ¶ 15.  Plaintiff used BEZ as a mortgage broker.  Id.  SCME was the lender.  Id. ¶¶ 2, 15-16; MERS Request for Judicial Notice ("RJN") Ex. 1 ("Deed of Trust") at 1.[2]  MERS was the beneficiary of the

---

[1] On the record before the Court, it is not clear that SCME, BEZ, or Quality have been properly served.  Plaintiff alleges that SCME is a defunct business.  Compl. ¶ 29.

[2] MERS submitted a request for judicial notice in support of its motion.  Docket No. 9.  The request includes copies of the Deed of Trust as well as a Notice of Default and Election to Sell Under the Deed of Trust.  Both items are public records and properly subject to judicial notice.  See Hotel Employees & Rest. Employees

Deed of Trust. Deed of Trust at 2. At some point that apparently followed the closing, Aurora acquired the rights to service the loan. Compl. ¶¶ 4, 31. In July of 2008, Quality was substituted for the original trustee under the Deed of Trust. Id. ¶ 27.

On February 11, 2009, Quality filed a Notice of Trustee's Sale, stating that Plaintiff was in default of her loan and that the house would be subject to sale in a public auction. RJN Ex. 2 ("NoTS") at 1. Six days before the scheduled sale, Plaintiff filed the instant suit, requested a temporary restraining order in state court, and filed a notice of lis pendens regarding the house. See Notice of Removal Ex. 1.

In her Complaint, Plaintiff raises a total of twelve causes of action against the five defendants. Aurora and MERS have requested that the Court dismiss the entire Complaint, but in their briefs they only address the question of whether dismissal is appropriate for the seven causes of action raised against themselves. See MERS MTD at 14; Aurora MTD at 16. These causes of action are as follows:

First Cause of Action: declaratory relief. Compl. ¶¶ 37-44.
Second Cause of Action: contractual breach of implied covenant of good faith and fair dealing. Id. ¶¶ 45-51.
Seventh Cause of Action: unfair business practices in violation of California Business and Professions Code § 17200 et seq. Id. ¶¶ 74-79.
Ninth Cause of Action: quiet title. Id. ¶¶ 87-89.

---

Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005).

3

1     Tenth Cause of Action: injunctive relief. Id. ¶¶ 90-93.
2     Eleventh Cause of Action: violations of the Equal Credit
3         Opportunity Act, 15 U.S.C. 1691 et seq. Id. ¶¶ 94-98.
4     Twelfth Cause of Action: racial discrimination in violation
5         of the Civil Rights Act, 42 U.S.C. §§ 1981-82. Id.
6         ¶¶ 99-103.

Plaintiff raises several causes of action solely against the nonparticipating defendants. These include allegations that SCME and BEZ violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and Regulation Z, 12 C.F.R. § 226 et seq., and California Civil Codes sections 1916, 1920, and 1921, and a claim for rescission. Compl. ¶¶ 52-73 (third through sixth causes of action). Plaintiff also alleges that BEZ breached its fiduciary duty. Id. ¶¶ 80-86 (eighth cause of action). As the Court has not received briefing on these causes of action, it does not consider them to be part of the current motions to dismiss.

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," such that a right to relief is raised "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all reasonable inferences in its favor.

4

1 See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d
2 226, 228 (9th Cir. 1994). Furthermore, the court must assume that
3 all general allegations "embrace whatever specific facts might be
4 necessary to support them." Peloza v. Capistrano Unified Sch.
5 Dist., 37 F.3d 517, 521 (9th Cir. 1994). At the pleading stage,
6 the plaintiff "need only show that the facts alleged, if proved,
7 would confer standing upon him." Warren v. Fox Family Worldwide,
8 Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

9 When considering a motion to dismiss, the court is generally
10 limited to the allegations in the complaint, without extrinsic
11 evidence. See, e.g., Hal Roach Studios, Inc. v. Richard Feiner &
12 Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). However, a court
13 may consider extrinsic documents when "the plaintiff's claim
14 depends on the contents of a document, the defendant attaches the
15 document to its motion to dismiss, and the parties do not dispute
16 the authenticity of the document, even though the plaintiff does
17 not explicitly allege the contents of that document in the
18 complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

## IV. DISCUSSION

### A. The Status of MERS

As a preliminary matter, Plaintiff contends that MERS is not registered or authorized to conduct business in California, and therefore cannot defend this action. Compl. ¶ 5; Pl.'s Opp'n to MERS at 12. MERS points out that the registration requirement to which Plaintiff is referring is embodied in section 191 of the California Corporations Code. MERS MTD at 5-6. MERS contends

1 that it is not required to obtain a certificate of qualification
2 from the Secretary of State because it is engaged in "creating
3 evidence of debt or mortgages, liens or security interest on real
4 or personal property," which is exempt from the certification
5 requirement under section 191(c)(7). MERS MTD at 5-6.
6 Registration is also not required for the "enforcement of any
7 loans by trustee's sale," as this is also exempt under the
8 section. Cal. Corps. Code § 191(d)(3). Finally, the section does
9 not require registration for a company to defend itself in a civil
10 action. See id. § 191(c)(1).

Plaintiff responds only by stating that "MERS authorized LandAmerica Default Services' substitution in as trustee," and then cites a document that is apparently not before the Court. Pl.'s Opp'n to MERS at 12. It is unclear how this argument is intended to establish that MERS is doing business in violation of California law, given the statutory exemptions noted by MERS. Plaintiff has not established that MERS is conducting business in violation of section 191. MERS may defend itself in this action, and its lack of registration is no obstacle to foreclosure.

**B.  Declaratory Relief**

As her first cause of action, Plaintiff seeks declaratory relief against SCME, MERS, Quality, and Aurora. Compl. ¶¶ 37-44. She asserts that she is the true equitable owner of the house, that the defendants are not holders of the promissory note which should accompany the Deed of Trust, and that MERS has no right to foreclose on the house. Id. ¶¶ 39-41. As this "cause of action" is ultimately a request for relief, in order to weigh it the Court

must look to the underlying claims. See, e.g., Weiner v. Klais and Co., Inc., 108 F.3d 86, 92 (6th Cir. 1997)("With regard to Count IV, in which plaintiff seeks declaratory relief, plaintiff has merely asserted a form of relief, not a cause of action. Plaintiff is not entitled to this relief in the absence of a viable claim."). Plaintiff offers two colorable claims within this cause of action: (1) that the defendants obtained their interest in the house through fraud, and (2) that the defendants are not holders of the promissory note in due course. See Compl. ¶¶ 39-40. In its Opposition, Plaintiff adopts this characterization of her request for declaratory relief. See Pl.'s Opp'n to Aurora at 9-11.

### 1. Fraud

Plaintiff alleges that the defendants "fraudulently obtained the Deed of Trust." Id. ¶ 39. Allegations of fraud must meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. This means that Plaintiff "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). In other words, Plaintiff must include "the who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

The Court can identify four potential fraud-like allegations in the Complaint. First, Plaintiff makes a number of generalized statements with regard to SCME or BEZ regarding omissions and

7

failures to disclose. See Compl. ¶ 16. These allegations are not specific enough to amount to allegations of fraud, as they do not state precisely what was stated, what should have been stated, and precisely what conduct was fraudulent. Second, Plaintiff contends that SCME and an unspecified entity (referred to as "WMC") directed her to sign an application which had the effect of overstating her income. Id. ¶ 19. By providing additional details about the application document, who induced her to sign, what she was told and how it was incorrect, etc., Plaintiff could conceivably state a claim under Rule 9(b), but as it stands this claim is not sufficiently specific to allege fraud. Third, Plaintiff asserts that the "Right to Cancel" notices that she received at closing did not show the dates that her right to cancel ended, and that the dates were intentionally left blank so that she would believe she had no right to cancel. Id. ¶ 23. This allegation fails as a fraud claim because Plaintiff does not plead several necessary elements for fraud.[3] Fourth, Plaintiff alleges that the forms provided to Plaintiff at closing were false, showing a continuous interest rate of 1.75% when in fact the loans were subject to an adjustable rate. Compl. ¶ 25. Besides lacking specificity as to what forms these were and who provided them, this allegation is contradicted by judicially noticeable documents, namely the Deed of Trust, which refers to and includes a rider that clearly states that "THE NOTE CONTAINS

---

[3] In particular, Plaintiff fails to plead justifiable reliance and resulting damages (i.e., what would the date have been, and would she have exercised her right but for the alleged fraud). See Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996) (listing elements of fraud).

1 PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY
2 PAYMENT." Deed of Trust at 18. The Court concludes that
3 Plaintiff fails to state a claim for fraud against any defendant.[4]
4     In addition, Aurora contends that any allegation of fraud
5 must fail, because fraud allegations are governed by California's
6 three-year statute of limitations. Aurora MTD at 6. A cause of
7 action for fraud accrues at the date of discovery, or when the
8 Plaintiff should have known of or suspected the facts underlying
9 the cause of action. See Cal. Civ. Proc. Code § 338(d); Norgart
10 v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). Plaintiff here pleads
11 neither diligence nor concealment of the facts that she uses to
12 establish fraud; she claims only that she is "not schooled in the
13 ways and means of mortgage loans, [and] thus remained naive of the
14 Defendants [sic] fraud." Pl.'s Opp'n to Aurora at 10. Should
15 Plaintiff attempt to amend her fraud-based cause of action, she
16 will need to establish that she reasonably did not suspect that
17 fraud was being committed upon her until a time within three years
18 of the initiation of this suit. See Samuels v. Mix, 22 Cal. 4th
19 1, 14 (1999) (citing rule that "if an action is brought more than
20 three years after commission of the fraud, plaintiff has the
21 burden of pleading and proving that he did not make the discovery
22 until within three years prior to the filing of his complaint").

        2. <u>The Trustee Has the Power to Foreclose</u>

24     Plaintiff's second colorable basis for this cause of action

---

[4] As the Court concludes that there is no well-pled allegation of fraud, it need not consider Plaintiff's argument that MERS lacks authority to foreclose because she rescinded her contract on the basis of fraud. Pl.'s Opp'n to MERS at 7.

is that none of the defendants are proper note holders. Under California law, a trustee need not possess a note in order to initiate foreclosure under a deed of trust. See Cal. Civ. Code § 2924(a); Putkkuri v. Recontrust Co., No. 08-1919, 2009 U.S. Dist. LEXIS 32, *5-6 (S.D. Cal. Jan 5, 2009). The trustee has the power and the duty "to initiate foreclosure proceedings on the property upon the trustor's default, resulting in a sale of the property." Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334 (Ct. App. 2008). In this instance, the beneficiary (MERS) made a substitution of trustee and granted Quality the power to foreclose, as permitted under California law. Compl. ¶ 28.

The Court concludes that Plaintiff's first cause of action does not state a claim upon which relief may be granted. For this reason, the first cause of action is DISMISSED WITH LEAVE TO AMEND. If Plaintiff does indeed intend this cause of action to be read as a claim for fraud, Plaintiff must clearly plead it as such.

**C.  Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's second cause of action alleges that the defendants breached an implied covenant of good faith and fair dealing by failing to provide certain disclosures, by not abiding by certain underwriting standards, by not documenting their substitutions and assignments properly, and by failing to respond in good faith to Plaintiff's request for documents related to the servicing of her loan. Compl. ¶ 49. Every contract "imposes upon each party a duty of good faith and fair dealing in its

10

1 performance and its enforcement." McClain v. Octagon Plaza, LLC,
2 159 Cal. App. 4th 784, 798 (Ct. App. 2008). To establish a breach
3 of an implied covenant of good faith and fair dealing, a plaintiff
4 must establish the existence of a contractual obligation, along
5 with conduct that frustrates the other party's rights to benefit
6 from the contract. See Racine & Laramie v. Dep't of Parks & Rec.,
7 11 Cal. App. 4th 1026, 1031 (Ct. App. 1992).

8 Plaintiff fails to plead the existence of a contract between
9 herself and Aurora. As a loan servicer, Aurora is not a party to
10 the Deed of Trust itself. See Ruff v. America's Servicing Co.,
11 No. 07-489, 2008 U.S. Dist. LEXIS 33447, at *10 (W.D. Pa. Apr. 23,
12 2008) (holding that servicer "was not a party to the mortgage").
13 Plaintiff argues instead that there is an implied contract between
14 herself and Aurora, since Aurora probably receives some kind of
15 servicing fee. Pl.'s Opp'n to Aurora at 11. This is not
16 sufficient to imply the existence of a contract. Plaintiff fails
17 to plead anything that might constitute an agreement or meeting of
18 the minds between the two parties, and thus cannot establish an
19 implied contract. See Div. of Labor Law Enforcement v.
20 Transpacific Transp. Co., 69 Cal. App. 3d 268, 275 (Ct. App.
21 1977).

22 MERS is the beneficiary of the Deed of Trust, and does not
23 argue that it is not in a contractual relationship with Plaintiff.
24 MERS instead contends that a borrower cannot assert this type of
25 claim against a lender. MERS MTD at 7-8. In California, a
26 plaintiff may not recover for a tortious breach of an implied
27 covenant, absent a "special relationship" between the borrower and

11

1  lender.  See Taldan Inv. Co. v. Comerica Mortg. Corp., No. 88-
2  1118, 1990 U.S. Dist. LEXIS 19951, *49-50 (N.D. Cal. Dec. 3, 1990)
3  (noting cases).  Such a relationship does not typically exist
4  between a lender and a borrower.  See Nymark v. Heart Fed. Savings
5  & Loan Assn., 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991) ("[A]s a
6  general rule, a financial institution owes no duty of care to a
7  borrower when the institution's involvement in the loan
8  transaction does not exceed the scope of its conventional role as
9  a mere lender of money.").  Moreover, most of the issues that the
10 Plaintiff raises arise from the formative stages of the contract.
11 See Compl. ¶ 49.  The failure to provide certain disclosures,
12 placing her "into her current loan product without regard for
13 other more affordable products," id., and a failure to follow
14 proper underwriting standards all affect the formation of the
15 contract, rather than its performance or enforcement.  As such,
16 they cannot be used to state a claim for breach of implied
17 covenant of good faith and fair dealing.[5]  See McClain, 159 Cal.
18 App. 4th at 799.  Plaintiff's second cause of action is therefore
19 DISMISSED as to Aurora and MERS, WITH LEAVE TO AMEND.

**D.  Unfair Business Practices**

21 Plaintiff's seventh cause of action alleges that all
22 defendants have violated California Business and Professions Code

---

[5] In its Opposition, Plaintiff also adds that MERS breached its implied covenant by allowing the house to be foreclosed.  Pl.'s Opp'n to MERS at 14.  This basis for breach was not raised in the Complaint.  Even if it had been, it could not be the basis for a breach because a covenant of good faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement."  Carma Developers (Cal.), Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 374 (1992).

12

sections 17200 et seq. ("section 17200"), which prohibits any unlawful, unfair or fraudulent business act or practice. This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Ct. App. 1993).

The primary underlying wrong that Plaintiff is alleging is based on fraud. Pl.'s Opp'n to MERS at 15. Plaintiff states that the defendants violated section 17200 by "using bait and switch tactics; making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan; and making loans without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers." Compl. ¶ 77. Plaintiff further alleges that "the conduct of Defendants threatens an incipient violation of various consumer protection statutes, or which violate the policy or spirit of such laws . . . ." Id. ¶ 78.

The Court has already found that Plaintiff has not sufficiently alleged fraud against any defendant. Plaintiff therefore has no cause of action under section 17200 on this basis. Nor does Plaintiff plead with particularity or describe how MERS or Aurora has violated any statute or policy. This cause of action is therefore DISMISSED as to MERS and Aurora, WITH LEAVE

TO AMEND.[6]

The Court notes that Plaintiff has plead various statutory violations committed by SCME and BEZ (including violations of California Civil Code sections 1920 and 1921). As previously noted, these two parties have not yet participated in this action. The Court has not received briefing on these claims, or whether they could constitute unfair business practices under section 17200.

### E. Quiet Title

As Plaintiff's ninth cause of action, she seeks to quiet title against all defendants. Compl. ¶¶ 87-89. The purpose of such an action is to establish one's title against adverse claims to real or personal property or any interest therein. See Cal. Civ. Proc. Code § 760.020(a). Plaintiff has failed to allege precisely what adverse interest she is seeking to quiet title against, and who holds the claims asserted against her title, as required by California Code of Civil Procedure section 761.020(c). For example, Plaintiff does not allege that Aurora, the loan servicer, claims any adverse title in the property, yet Plaintiff asserts this claim against Aurora. Compl. ¶ 88. Plaintiff may or may not be challenging MERS's status as beneficiary of the Deed of Trust. It is probable that Plaintiff is attempting to challenge every interest in the house that is tied to the Deed of Trust. If this is the case, Plaintiff is required to plead more explicitly and in accordance with California Code of Civil Procedure section

---

[6] The Court need not reach Aurora's argument that this claim is preempted by Federal law. See Aurora MTD at 11-12.

14

761.020(c). See Andrade v. Wachovia Mortgage, 2009 U.S. Dist. LEXIS 34872, *14 (S.D. Cal. Apr. 21, 2009) (dismissing quiet title claim in foreclosure dispute where plaintiff did not identify her own ownership interest, whether she still has legal title to it, or whether Defendants had made adverse claims). Plaintiff's ninth cause of action is DISMISSED WITH LEAVE TO AMEND.

In reaching this conclusion, the Court is satisfied that Plaintiff need not necessarily offer to tender the entire amount of her debt at this time. The Court is satisfied that it has discretion to allow Plaintiff to tender over time, and that it would be inappropriate to foreclose this possibility upon a motion to dismiss. See Avila v. Stearns, No. 08-419, 2008 U.S. Dist. LEXIS 31813 (C.D. Cal. Apr. 7, 2008) (court has discretion to modify rescission procedures regarding tender of indebtedness, and "[t]his discretion can be exercised in favor of lenders, by requiring borrowers to make a showing of their ability to pay a lump sum, or in favor of borrowers, by allowing them to fulfill their tender obligation by making payments over time"). Plaintiff need not offer to tender the full amount of the debt immediately, should she choose to amend.

### F. Injunctive Relief

Plaintiff's tenth cause of action for injunctive relief is asserted against all defendants. Compl. ¶¶ 90-93. This fails as a cause of action. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (Ct. App. 1942); see also McDowell v.

15

1 Watson, 59 Cal. App. 4th 1155, 1159 (Ct. App. 1997) (quoting Shell
2 Oil). Unlike her "declaratory relief" cause of action, the Court
3 cannot discern in this cause of action clear allegations that
4 could be read to state a new and distinct claim. Plaintiff's
5 tenth cause of action is DISMISSED WITH LEAVE TO AMEND. If
6 Plaintiff has in mind a distinct claim as a part of this cause of
7 action, aside from the relief sought, she must clearly state it.
8 If not, then she should request the injunction as part of her
9 prayer for relief.

### G. Equal Credit Opportunity Act

11 Plaintiff alleges that unspecified defendants (presumably all
12 defendants) violated the Equal Credit Opportunity Act, 15 U.S.C.
13 §§ 1691 et seq. ("ECOA"). Compl. ¶¶ 94-98. Plaintiff alleges
14 that she is a Filipino-American, and was charged "unduly large
15 fees and interest for a loan that would have been extended on far
16 better terms to a Caucasian borrower." Id. ¶ 36. She refers to
17 the existence of "numerous studies" showing that lenders of
18 subprime and exotic mortgages systematically discriminate against
19 minority borrowers. Id. ¶ 35. Plaintiff does not mention a
20 specific practice or discretionary policy that any defendant uses
21 that results in discrimination. Cf. Taylor v. Accredited Home
22 Lenders, Inc., 580 F. Supp. 2d 1062 (S.D. Cal. 2008) (describing
23 discretionary policies that had discriminatory effect); Ramirez v.
24 GreenPoint Mortgage Funding, Inc., No. 08-369, 2008 U.S. Dist.
25 LEXIS 62810, *3 (N.D. Cal. May 13, 2008) (same).

26 Plaintiff's allegation is best read to state that whoever set
27 her fees and interest rates discriminated against her. But

16

1 Plaintiff does not state which of the defendants set these rates.
2 MERS is not the lender, and is not alleged to have either set or
3 collected the rates in question. See MERS Reply at 7. Nor does
4 Plaintiff allege any facts that would implicate Aurora, which is
5 not alleged to have participated in the closing of her loan. See
6 Aurora MTD at 14. Plaintiff does not state a claim based on
7 discrimination with respect to either of these defendants.

8 The Court finds that MERS and Aurora have failed to show that
9 amendment would be futile based on their other two arguments for
10 dismissal. The Court rejects MERS's assertion that a plaintiff
11 has no cause of action under ECOA unless credit is denied. MERS
12 MTD at 11. This restriction is absent from the statute. 15
13 U.S.C. § 1691(a). The Court also finds that the claim is not
14 barred by ECOA's two-year statute of limitations, 15 U.S.C. §
15 1691e(f), as Plaintiff alleges a violation not only at the time of
16 closing (which is outside of the statute of limitations period),
17 but every time she makes a payment that is inflated because of the
18 alleged discrimination. See Taylor, 580 F. Supp. 2d at 1066.

19 Consequently, Plaintiff's eleventh cause of action is
20 DISMISSED as to Aurora and MERS WITH LEAVE TO AMEND.

### H. Civil Rights Act

22 Plaintiff's twelfth and final cause of action is for racial
23 discrimination in violation of 42 U.S.C. 1981 et seq. Compl. ¶¶
24 99-103. The facts for this claim are duplicative of the ECOA
25 claim, and fails for the same reasons set forth by this Court in
26 its discussion of that claim. Plaintiff's twelfth cause of action
27 is DISMISSED WITH LEAVE TO AMEND as to MERS and Aurora.

17

1 **I. Lis Pendens**

2 Aurora has requested that Plaintiff's lis pendens be
3 expunged. Aurora MTD at 15. However, Defendants did not provide
4 the Court with any basis for dismissing significant portions of
5 Plaintiffs' Complaint. Most causes of action that were raised
6 against the nonparticipating defendants are still pending. The
7 Court will not dismiss these causes of action without briefing.
8 Moreover, the Court is granting Plaintiff the opportunity to amend
9 her complaint. The Court therefore DENIES Defendants' request to
10 expunge the lis pendens.

**V. CONCLUSION**

For the reasons stated above, the following causes of action are dismissed:

The First Cause of Action for declaratory relief is DISMISSED
    as to all defendants, WITH LEAVE TO AMEND.

The Second Cause of Action for contractual breach of implied
    covenant of good faith and fair dealing is DISMISSED as
    to Aurora and MERS, WITH LEAVE TO AMEND.

The Seventh Cause of Action for unfair business practices in
    violation of California Business and Professions Code §
    17200 et seq., is DISMISSED as to Aurora and MERS only,
    WITH LEAVE TO AMEND.

The Ninth Cause of Action to quiet title is DISMISSED as to
    all parties, WITH LEAVE TO AMEND.

The Tenth Cause of Action for injunctive relief is DISMISSED
    as to all parties, WITH LEAVE TO AMEND.

18

       The Eleventh Cause of Action for violations of the ECOA is DISMISSED as to Aurora and MERS only, WITH LEAVE TO AMEND.

       The Twelfth Cause of Action for racial discrimination in violation of the Civil Rights Act is DISMISSED as to Aurora and MERS only, WITH LEAVE TO AMEND.

       The Court DENIES Defendants' motion to dismiss all other portions of the Complaint. If Plaintiff chooses to amend her Complaint or any cause of action, she must submit a First Amended Complaint within the next thirty (30) days. Plaintiff is also granted leave to amend any portion of the Complaint that has not been dismissed.

       Plaintiff is strongly encouraged to bring only those claims that she believes have evidentiary support, and to refrain from asserting claims against defendants whom those facts do not implicate. See Fed. R. Civ. P. 11(b)(3).

       IT IS SO ORDERED.

May 26, 2009

                                                      UNITED STATES DISTRICT JUDGE