REUBEN L. NOCOS, ESQ. [SBN 238011]
Nocos Law Firm, A Professional Corporation
1900 S. Norfolk St., Ste. 350
San Mateo, CA 94403
(650) 320-1747

Attorneys for Plaintiff
IMELDA T. LOMBOY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA T. LOMBOY | Case No.: C-09-1160 SC |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR |
| v. | |
| SCME MORTGAGE BANKERS; B.E.Z. FINANCIAL NETWORK; AURORA LOAN SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; QUALITY LOAN SERVICES; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1-30, inclusive, | |
| Defendants. | |

Plaintiff, IMELDA T. LOMBOY, alleges as follows:

**PARTIES**

1.      At all times relevant herein, IMELDA T. LOMBOY ("Plaintiff") was over the age of eighteen and is and was a resident of 28 Huckleberry Court, Brisbane, San Mateo County, California 94005, APN 005-401-230 (hereinafter "Subject Property").

2.     Plaintiff is the Trustor of a deed of trust executed on October 17, 2005 that is recorded in the Office of the Recorder of San Mateo County, California.  The beneficiary of the Deed of Trust was SCME MORTGAGE BANKERS, INC. ("SCME").  SCME's registered agent for the service of process in California is Joseph Davies, 6265 Greenwich Drive, Ste. 200, San Diego, CA 92122.

3.     Plaintiff is informed and believes, and on that basis alleges, that Defendant B.E.Z. FINANCIAL NETWORK ("BEZ") is a mortgage brokerage business, form unknown, with an address of 1435 Huntington Avenue No. 300, South San Francisco, CA 94080.  BEZ's registered agent for the service of process in California is Stephen Wan Accountancy Corporation, 2005 De La Cruz Blvd., No. 155, Santa Clara, CA 95050.

4.     Plaintiff is informed and believes, and on that basis alleges, that Defendant AURORA LOAN SERVICES ("AURORA") is a loan servicing business, form unknown, with an address of 10350 Park Meadows Park, Littleton, Colorado.  AURORA's registered agent for the service of process in California is Corporation Service Company – Company Which Will Do Business as CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Ste. 100, Sacramento, CA, 2005, 95833.  Plaintiff is informed and believes, and therefore alleges, that AURORA acquired the loan from SCME under a Pooling and Servicing Agreement. The alleged assignment or acquisition was not recorded and is therefore invalid.

5.     Plaintiff is informed and believes, and on that basis alleges, that Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") is an out-of-state business, form unknown, whose agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. Plaintiff alleges, on information and belief, that MERS is not registered or otherwise authorized to conduct business in California, and therefore cannot defend this action.

6.     Plaintiff is informed and believes, and on that basis alleges, that Defendant QUALITY LOAN SERVICES ("QLS") is a business entity, form unknown, with an address of 2141 5th Avenue, San Diego, California 92101.  QLS's agent for the service of process, as

registered with the California Secretary of State, is Kevin McCarthy, at 2141 5th Avenue, San Diego, California 92101.

7.     The Defendants named herein "all persons unknown, claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto and as DOES 1-30 (hereinafter sometimes referred to as "the unknown Defendants") are unknown to Plaintiff.  These unknown Defendants, and each of them, claim some right, title, estate, lien or interest in the Subject Property hereinafter described adverse to Plaintiff's title and their claims, and each of them, constitute a cloud on Plaintiff's title to the Subject Property.  Plaintiff is informed and believes, and on that basis alleges that each fictitiously named herein as a DOE is responsible for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendants when ascertained.

8.     Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, the unknown Defendants are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers, and co-conspirators of each and every other named or unnamed Defendant in this Complaint.  Plaintiff is informed and believes, and on that basis alleges that each of such Defendants is, and at all relevant times herein, was acting within the scope of their authority as such agents, employees, or alter-egos with permission and consent of the remaining named and unnamed Defendants.

9.     Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

10.     As a result of their mortgage activities, Defendants and each of them are and were subject to and must comply with the Federal Truth in Lending Act ("TILA") (15 U.S.C. §§ 1601-

1666j) and with the Act's corresponding Regulation Z ("Regulation Z") (24 C.F.R. §§ 3500.1-3500.17), as well as the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §§ 2601 et seq.) and RESPA's corresponding Regulation X (Regulation X") (24 C.F.R. §§ 3500, et seq.).

11.     While the complained of loan was originated by Defendant SCME, all subsequent holders of the note took the note subject to all defenses against SCME and any other successors to the note and Deed of Trust.

## JURISDICTION

12.     The transactions and events which are the subject matter of this Complaint occurred within the County of San Mateo, California.

13.     The Subject Property, located at 28 Huckleberry Court, Brisbane, is located in San Mateo County, California.

## FACTUAL ALLEGATIONS

14.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

15.     In or around September, 2005, Plaintiff sought a mortgage loan through BEZ, a mortgage broker, which procured a loan purportedly secured by the Subject Property.

16.     Defendants SCME and QLS and their agents, officers, employees, and affiliated or associated parties have engaged in and continue to engage in a pattern of unlawful, fraudulent, and predatory real estate lending practices causing victims of their actions, including Plaintiff, to lose or be in jeopardy of losing their homes through the foreclosure process because of predatory lending practices that consist of, but are not limited to (a) failing to provide proper disclosures as required by federal and state law, (b) failing to disclose the true terms of the loan, (c) failing to properly evaluate Plaintiff's ability to repay the loan, (d) placing Plaintiff in a loan she could not repay on the undisclosed terms, (e) failing and refusing to provide escrow final closing documents in the form and manner required in a HUD-1 settlement statement, and (f) failing to respond in good faith to Plaintiff's request for loan documentation.

17.     A review and audit of Plaintiff's loan documents revealed there were numerous violations committed by the Defendants, thus resulting in a transaction that is illegal, unjust, and therefore void.

18.      Defendants SCME and BEZ placed Plaintiff into her current loan product whereby it was likely Plaintiff would default or incur bankruptcy as a result of the loan and it was reasonably foreseeable that this would occur; and placed Plaintiff into a loan without conducting a true test of her financial ability to repay the loan.

19.     Defendants SCME and BEZ directed Plaintiff to sign an application which, unbeknownst to her, had the effect of overstating her income so that she could be pushed into signing for the unaffordable loan product.

20.     During the application process, Defendants SCME and BEZ failed to provide the federally-required early disclosures within the period required by statute.  Pursuant to RESPA, 24 C.F.R. § 3500.6(a) the Good Faith Estimate, Truth-in-Lending, Servicing Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, Federal Equal Credit Opportunity and various other early disclosures must be provided within three business days of the loan application.  In violation of RESPA and TILA, 15 U.S.C. § 1601, et seq., Defendants did not comply with this requirement.

21.     Defendants SCME and BEZ placed Plaintiff into a loan that was in their short-run best interest, rather than providing a loan option that was in the best interest of the Plaintiff and competitive with loans she could have obtained elsewhere, on fair terms.

22.     An audit of Plaintiff's files revealed no Truth-in-Lending disclosure forms that should have been provided at the time of closing.

23.     Defendants SCME and BEZ provided "Right to Cancel" notices to Plaintiff at closing but those documents did not show the dates that her right to cancel ended.  The dates were left blank.  This is a violation of federal TILA consumer protection regulations under 12 U.S.C. § 226.17 and § 226.23.  Plaintiff alleges that these forms were left blank so that she would believe she had no right to cancel.

24.     Plaintiff did not become aware of the true cost of the loan until after closing. Plaintiff has an adjustable rate loan that was not fully and properly disclosed in violation of California and federal law.

25.     Those forms that were provided to Plaintiff at closing misstated the loan to show a continuous interest rate of 1.75%.  The increase of the loan rate and the effect of negative amortization were undisclosed and unknown by Plaintiff.

26.     Plaintiff did not receive a HUD-1 Settlement Statement one day before the close of escrow for final inspection.  Plaintiff should have been advised of this right, but Defendants failed to do so.

27.     A July 10, 2008 Substitution of Trustee document stated that QLS was being substituted for the original Trustee.  However, the copy contained in Plaintiff's files did not contain proper notarization and the affidavit of mailing was unsigned.  This Substition of Trustee was initiated by MERS.

28.     Defendants caused to be recorded a Notice of Trustee's Sale in the San Mateo County recorder.  A trustee's sale is currently scheduled for July 8, 2009.

29.     Plaintiff alleges, on information and belief, that MERS could not act on behalf of SCME because SCME is, and was at the time the Substitution was executed, a defunct business.

30.     Defendants have not demonstrated that they hold the Note that accompanies the Deed of Trust.

31.     Plaintiff sent a Qualified Written Request to AURORA to try to retrieve information about the servicing of the loan and the amounts due and received a vague and unresponsive reply, the details of which are set forth immediately below.

32.     AURORA wrongfully and insists in bad faith that Plaintiff's good-faith questions regarding the loan do not "relate to the servicing of the loan."

33.     The requests detailed in Plaintiff's Qualified Written Request that AURORA insists do not "relate to the servicing of the loan" include the loan application, the Notice of Right to Cancel, the Deed of Trust and all riders, a copy of the note and all riders, assignments, Truth-in-Lending statements, a copy of the Itemization of Amount Financed, Good Faith

Estimates, the estimated and final closing statement, appraisals, loan disclosures, escrow instructions, the title report and the grant deed.  All of these documents clearly relate to the subject loan and the subject loan servicing.

34.     AURORA provided Plaintiff's loan payment history and updated beneficiary statement only "subject to and without waiving any objections."  AURORA has proved itself unwilling to cooperate with even simple requests for documentation that relates to the servicing of the loan.  It is unclear why AURORA would even have custody of any of this documentation if it was unrelated to the servicing of the loan, or why AURORA would refuse to provide it.

35.     Numerous studies have shown that lenders and servicers of sub-prime and other exotic mortgage products such as the "option" mortgage in this loan systematically discriminated against minority buyers.

36.     Plaintiff, a Filipino-American, is a member of a minority group.  She alleges, on information and belief, that she was charged unduly large fees and interest for a loan that would have been extended on far better terms to a Caucasian borrower.

**FIRST CAUSE OF ACTION**

**Declaratory Relief – Against SCME, MERS, QLS, AURORA and DOES 1-30**

37.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38.     An actual controversy has arisen and now exists between Plaintiff and Defendants, regarding their respective rights and duties concerning the status and validity of the loan and Promissory Note, the Deed of Trust, nominated beneficiaries on the Deed of Trust, actual beneficiaries, loan servicers, and the foreclosure process.  Plaintiff contend that Defendants do not have the right to foreclose on the Subject Property pursuant to California Civil Code section 2932.5 in that the transfer of the loan, Deed of Trust and Promissory Note to AURORA was an **illegal transfer for being unrecorded and unregistered**.  Thus, the purported power of sale contained in the Deed of Trust no longer applies.

39.     Plaintiff requests that this Court find that the purported power of sale contained in the Deeds of Trust is of no force and effect because Defendants' security interest in the Subject Property has been rendered void by the illegal and unrecorded transfer and/or assignment.  Plaintiff further requests that the title to the Subject Property be reconveyed to Plaintiff.

40.     Plaintiff further requests that this Court find that the Defendants are not the holders in due course of the Promissory Note because they were placed in the trust pool pursuant to the PSA and that any attempt to foreclose is a fraud on the Court.

41.     A judicial declaration is necessary and appropriate at this time and, under these circumstances in order, so that the Plaintiff may ascertain her rights and duties and avoid any illegal trustee sale to occur.

42.     As a result of the actions of Defendants, Plaintiff has suffered damages according to proof and seeks declaratory relief that Defendants do not have a right to foreclose and that Defendants' purported power of sale in the Deed of Trust is void and has no force or effect against the Subject Property.

43.     Defendants' actions in this matter have been willful and knowing.

WHEREFORE, Plaintiff prays for relief as set forth below.

## Civil Conspiracy

### (Defendants SCME, BEZ, AURORA, QLS AND MERS)

44.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.     During the period of September 2005 through the present, Defendants SCME, BEZ, AURORA, QLS and MERS, and each one of them, knowingly and willfully conspired and agreed among themselves not to properly investigate Plaintiff's ability to repay the loan in approving her for the loan.

46.     Further, during the period of September 2005, through the present, Defendants SCME, BEZ, AURORA, QLS and MERS, and each of them, knowingly and willfully conspired and agreed amongst themselves, *inter-alia*; to conceal from Plaintiff the fact that the loan was

being securitized; to put Plaintiff in a loan where the terms and provisions of the loan were unconscionable; to fail to provide and to adequately disclose terms and conditions with respect to state law; failed to use proper underwriting standards; to violate their fiduciary duties to Plaintiff; targeting minorities to unjustly enrich themselves.  Therefore, these Defendants, and each of them engaged in, amongst other things, deceptive and fraudulent practices, fraud, and breach of their fiduciary duty to Plaintiff. Each and every month, these Defendants and each of them, concealed the nature and unlawfulness of their actions from Plaintiff.

47.     Defendants and each of them did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and the above-alleged acts against Plaintiff.

48.     Defendants and each of them furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the acts of the other Defendants.

49.     Plaintiff are informed and believe, and on that basis allege that the overt acts in pursuance of the above described conspiracy occurred and are occurring by each of the above described Defendants' continued actions, including recording a Notice of Default, Notice of Trustee Sale, and conducting a non-judicial foreclosure.  As a result, Plaintiff have incurred substantial legal costs, possible loss of their home, and emotional pain and suffering.

Wherefore, Plaintiff pray for judgment against Defendants, and each of them, as set forth herein.

### THIRD CAUSE OF ACTION

### Aiding and Abetting

#### (Against Defendants AURORAL, QLS and MERS)

50.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51.     Aiding and Abetting under California tort law requires:
¶ (1) Actual knowledge of a party's fraudulent acts, and (2) Providing substantial assistance to the party actually committing the fraud. *In re: First Alliance Mortgage. Co.*, 471 F.3d 977, 995 (9th Cir. 2006).  Further, ordinary business transactions a bank performs for a customer can satisfy the substantial assistance element of an aiding and abetting claim if the bank actually knew those transactions were assisting the customer in committing a specific tort. *Id.*

52.     Defendants AURORA, QLS and MERS aided and abetted SCME and BEZ's fraud by having actual knowledge of their fraudulent practices.

53.     Defendant AURORA aided and abetted SCME when, despite having actual knowledge of SCME's fraud and fraudulent practices, rewarded SCME by purchasing the Deed of Trust and Promissory Note from SCME and engaging MERS to be a beneficiary under the Deeds of Trust wherein Plaintiff's signature was procured fraudulently by SCME.

54.     MERS, as a nominee for hundreds, if not thousands of lenders, has actual knowledge of SCME, BEZ, AURORA and QLS' practices, and still agreed to be a nominee on the Deeds of Trust, and by doing so, aided and abetted their likewise fraudulent conduct.

55.     AURORA, as a party to the PSA, had actual knowledge of SCME and BEZ's practices and aided and abetted SCME, BEZ, and QLS' conduct by agreeing to participate in the PSA and agreeing to service a loan that was fraudulent.

56.     MERS, as a party to the PSA, had actual knowledge of SCME, BEZ, AURORA and QLS' practices and aided and abetted their conduct by agreeing to participate in the PSA and agreeing to be a trustee for the securitized loans, which included Plaintiff' loan that was fraudulently obtained by AURORA.

57.     Thus, Defendants AURORA, QLS and MERS are secondarily, vicariously, and contributorily liable for any and all of SCME AND BEZ's fraudulent acts.

58.     Defendants AURORA, QLS and MERS further aided and abetted SCME and BEZ by substantially assisting their fraud and did so with actual knowledge of their fraudulent business practices which include, but are not limited to, (a) failing to provide proper disclosures, (b) breaching their fiduciary duty to Plaintiff; (c) failing to disclose to Plaintiff that the loan was to be securitized; and (d) failing to disclose their status as "dual-agents".

59.     The conduct of Defendants, and each of them, in engaging in the actions alleged in this Complaint have been willful and malicious.

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein.

## FOURTH CAUSE OF ACTION

### Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.  This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.  The covenant implies that in all contracts, each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.  This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

62.     The terms of the Promissory Note and the Deed of Trust imposed upon Defendants a duty of good faith and fair dealing in this matter.

63.      Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint.  Defendants were required to exercise such power in good faith.

64.     Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants, inter-alia:

i.      Failed to provide all of the proper disclosures;

ii.     Falsified Plaintiff's income;

iii.    Overstated Plaintiff's finance charge;

iv.     Failed to use proper and reasonable underwriting standards;

v.      Putting Plaintiff in an unconscionable loan with a "balloon payment";

vi.     Failed to disclose the junk fees associated with the loan;

vii.    Failed to disclose to Plaintiff that she was going to default because of the loan being unaffordable;

viii.   Failed to inform Plaintiff that SCME was acting as  a "dual-agent"; and

Complaint

ix.    Concealed from Plaintiff the fact that the Deed of Trust and the Promissory Note would be part of a Pooling and Servicing Agreement and that the Defendants are not the holders in due course to which money is rightfully owed.

65.    As a result of Defendants' breach of this covenant, Plaintiff has suffered injury and will cause Plaintiff to suffer the loss of her home.  Plaintiff has incurred and continue to incur attorney's fees and other costs and expenses to right this wrong.

66.    Defendants AURORA, QLS and MERS are secondarily, vicariously, and contributorily liable for any and all of SCME and BEZ's fraudulent acts under the causes of action of civil conspiracy and aiding and abetting.

67.    Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
## RESCISSION

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

68.    Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

69.    Plaintiff is entitled to rescind the loan for, amongst other things, the following reasons - each of which provide independent grounds for relief:

i.  Plaintiff was mistaken about the material terms of the alleged agreement because Defendants did not properly disclose them;

ii. Plaintiff's alleged consent was obtained only through, inter-alia, fraud and Defendants' breach of fiduciary duty;

iii. Defendants never disclosed that SCME was not the true note holder, but rather, the loan was Securitized, *and* Plaintiff was not aware of this until recently – i.e. equitable tolling applies;

iv. Defendants, and each and every one of them, failed to provide the necessary disclosures as required by state law;

v. The public interest would be prejudiced by permitting the alleged contract to stand; such action would reward an unscrupulous lender.

70. Therefore, Plaintiff respectfully request rescission due to Defendants and each and every one due to fraud.

Wherefore, Plaintiff pray for judgment against Defendants, and each of them, as set forth herein.

## SEVENTH CAUSE OF ACTION

### Negligence

### (Against Defendants SCME, BEZ, AURORA, QLS and MERS)

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. Because a mortgage loan broker and a mortgage loan lender is required to exercise reasonable care and diligence in any transaction and is bound to exercise his or her skill for the benefit of the principal, the agent is liable for any damages suffered by the principal as a result of any negligence in the performance of his or her agency duties.

73. Defendant SCME and BEZ owed Plaintiff a duty to act with that degree of skill, prudence and diligence as other mortgage brokers and lenders of ordinary skill and capacity in the performance of the services that they undertake. Defendants AURORA, QLS, and MERS are vicariously and/or secondarily liable for Defendants SCME and BEZ's.

74. A reasonably prudent mortgage loan broker would not have engaged in the conduct and acts herein alleged nor would they have directed Plaintiff to a loan that was not affordable to Plaintiff nor originated such loan.

75. Plaintiff is informed and believes, and on that basis alleges, that Defendant SCME and BEZ, and each of them, failed to consider the usual underwriting factors for assessing creditworthiness when they loaned to Plaintiff, and in fact, Defendants UNITED and RESMAE

falsified Plaintiff' loan applications by misstating her income and deceived Plaintiff as to the true terms of the loan.

76.     Defendants SCME and BEZ, and each of them, knew or should have known to utilize the best practices for underwriting, originating and issuing loans when considering the loan to Plaintiff but negligently failed to do so.

77.     Defendants SCME and BEZ, and each of them breached their duties by tricking Plaintiff into signing for loans with different terms than those they had represented to Plaintiff during the loan transactions.

78.     By their conduct as alleged herein, all Defendants, and each of them were the proximate cause of damages sustained by Plaintiff in an amount to be proven at trial but not yet ascertained.

WHEREFORE, Plaintiff pray for relief as set forth below.

## EIGHTH CAUSE OF ACTION

### Unfair Business Practices

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     California Business and Professions Code section 17200 prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Business and Professions Code section 17500, et seq.

81.     California Business and Professions Code section 17500, et seq. prohibits the making of a statement or a publication or declaration concerning any circumstances or matter of fact connected with the proposed performance or disposition of real or personal property, which pronouncement is untrue or misleading, and which if known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

82.     All Defendants and each of them have committed acts of unfair business practices defined by California Business and Professions Code section 17200, et seq., including but not limited to, engaging in acts and practices as alleged above, including using bait and switch

tactics; making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan; making loans without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers; and making loans without regard to the financial ability of the borrower to pay.

83.     The acts all as alleged above violate California Business and Professions Code section 17200, et seq. in the manner alleged above, and, based on information and belief, in the following further respects: the conduct of Defendants RESMAE, DLJ, US BANK, MERS, SELECT, UNITED and NORTH AMERICAN and each of them threatens an incipient violation of various consumer protection statutes, or which violate the policy or spirit of such laws, including, but not limited to, California Business and Professions Code sections 10130 and 17500, California Civil Code §§ 1709, 1710, 1711, 1770, 1920 and 1921.

84.     Defendants AURORA, QLS and MERS are secondarily liable, contributory liable, and/or vicariously liable for SCME and BEZ's unfair business practices under the causes of action of civil conspiracy and aiding and abetting.

85.     All Defendants, and each of them engaged in a pattern of unfair business practices, inter alia, by failing to disclose:

    i.      The true terms of the loans;

    ii.     The exorbitant finance charges associated with the loan ;

    iii.    The mortgage broker and third-party fees associated with the loans;

    iv.     The securitization of the loan;

    v.      That they breached their fiduciary duty to Plaintiff by putting her in a loan that was not in her best interest;

    vi.     That they and falsified Plaintiff's income;

    vii.    The disclosures Defendants failed to provide;

    viii.   The junk fees they charged Plaintiff;

    ix.     Their lack of the use of reasonable underwriting standards;

86.     As a direct and proximate result of the aforementioned acts, Plaintiff sustained damages in fact and the possible loss of their home. These damages are in an amount not yet ascertained and to be proven at trial.

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein.

## NINTH CAUSE OF ACTION

### Breach of Fiduciary Duty

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     California law imposes upon mortgage brokers, as fiduciaries, the same obligation of undivided service and loyalty that it imposes on a trustee in favor of a beneficiary. Defendants SCME and BEZ held a fiduciary relationship with Plaintiff and owed Plaintiff fiduciary duties of utmost loyalty, good faith and diligence.

89.     Defendants AURORA, QLS and MERS are secondarily liable, contributorily liable, and/or vicariously liable for SCME and BEZ's breach of fiduciary duties under the causes of action of civil conspiracy and aiding and abetting.

90.     Defendants breached those duties by, *inter alia*:

   i.     Failing to provide all of the proper disclosures;

   ii.    Falsifying Plaintiff's income;

   iii.   Overstating Plaintiff's finance charge;

   iv.    Failing to use proper and reasonable underwriting standards;

   v.     Putting Plaintiff in an unconscionable loan with a "balloon payment";

   vi.    Failing to disclose the junk fees associated with the loan;

   vii.   Failing to disclose to Plaintiff that she was going to default because of the loan being unaffordable and unconscionable;

viii.   Concealing from Plaintiff the fact that the Deed of Trust and the Promissory Note would be part of a Pooling and Servicing Agreement and that the Defendants are not the holders in due course to which money is rightfully owed.

91.     Defendants engaged in the conduct alleged herein for the purpose of advancing their own financial interest and in callous disregard of the foreseeable consequences to Plaintiff.

92.     Furthermore, Defendants failed to act diligently by failing to evaluate Plaintiff's ability to repay the loans and failing to comply with the applicable consumer protections intended to benefit Plaintiff.

93.     As a result of the aforementioned acts and breach of fiduciary duties by Defendants, Plaintiff sustained damages in an amount not yet ascertained to be proven at trial.

94.     The conduct of Defendants was a substantial factor in causing the damages sustained by Plaintiff, and as a direct, proximate and legal result of the above alleged breach of fiduciary duty, Plaintiff has suffered and will continue to suffer damages in an amount not yet ascertained to be proven at trial, including, but not limited to, damages for loss of property, money, and damages for emotional distress.

95.     Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code section 3294, and Plaintiff should therefore recover, in addition to actual damages, punitive damages to make an example of and punish said Defendants.

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein.

## TENTH CAUSE OF ACTION

### Actual Fraud

### (Against Defendants SCME, BEZ, AURORA, QLS and MERS)

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     Plaintiff seeks a determination as to the legal status of MERS as the Deed of Trust states that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."

98.     Plaintiff is informed and believe and on that basis alleges that MERS did not pay any consideration for the Promissory Note and in fact was paid a fee by SCME and AURORA to act solely as Beneficiary.

99.     Plaintiff are further informed and believe and on that basis allege that MERS will only notate on its internal record keeping system the name of the beneficiary of the Deeds of Trust and will conceal from Plaintiff as Trustor, the true name of the beneficiary to which the Deed of Trust was assigned, but not recorded.

100.    As a result, the Deed of Trust and Promissory Note, was transferred from entity to entity, or bundled together with other loans, pledged to quasi-governmental agencies and then placed in the trust pool to be sold as securities on the stock exchange.

101.    This practice allows the "beneficiary" on the Deeds of Trust to be changed without the necessity of completing  an "Assignment of Deed of Trust," obtaining the appropriate signatures, and recording in the County Recorder's Office and otherwise giving notice to Plaintiff of a change in their beneficiary.

102.    On information and belief, Plaintiff allege that courts across the United States have held that MERS, named as a nominee or beneficiary, does not have standing of the beneficiary to enforce the purported "power of sale" in the Deed of Trust through the non-judicial or judicial foreclosure process.

103.    Defendants and each of them made a representation to Plaintiff on or about September 2005 that MERS had the rights and standing of a beneficiary under California law.

104.    This false statement was made on the Deed of Trust and presented to Plaintiff.

105.    When Defendants made the representation that MERS had the rights and standing of a beneficiary under California law, Defendants and each of them knew that the statement was false when made.

106. The statement was made to have Plaintiff rely on the misrepresentation by executing the Deed of Trust and Plaintiff did actually rely on the misrepresentation by their signatures affixed to the Deeds of Trust.

107. Moreover, Defendants have committed fraud because Defendants, inter-alia;

      i.      Failed to provide all of the proper disclosures;

      ii.      Falsified Plaintiff's income;

      iii.      Overstated Plaintiff's finance charge;

      iv.      Failed to use proper and reasonable underwriting standards;

      v.      Put Plaintiff in an unconscionable loan with a "balloon payment";

      vi.      Failed to disclose the junk fees associated with the loan;

      vii.      Failed to disclose to Plaintiff that she was going to default because of the loan being unaffordable;

      viii.      Concealed from Plaintiff the fact that the Deed of Trust and the Promissory Note would be part of a Pooling and Servicing Agreement that the Defendants are not the holders in due course to which money is rightfully owed.

108. Further, Defendants and each of them intended to deceive Plaintiff by the misrepresentations and nondisclosures in an effort to unjustly enrich themselves.

109. Plaintiff reasonably relied on the misrepresentations and nondisclosures and reasonably believed that Defendants were acting in their best interest as their agents.

110. Plaintiff did not know the truth of Defendants' deceptions and misrepresentations until they faced foreclosure. Had Plaintiff known the truth, Plaintiff would not have agreed to Defendants' instructions to enter into the loan transactions or signed the loan documents.

111. As a direct and proximate result of Plaintiff' reasonable reliance on Defendants' misrepresentations and nondisclosures, Plaintiff sustained damages in an amount not yet ascertained to be proven at trial. Plaintiff reasonably relied on Defendants' misrepresentations which were a substantial factor in causing Plaintiff's damages.

112.     Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code § 3294, and Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish Defendants

.

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein.

## ELEVENTH CAUSE OF ACTION

### Constructive Fraud, California Civil Code § 1573

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

113.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

114.     Defendant SCME and BEZ owed a fiduciary duty to Plaintiff because they were acting in their capacity as a California DRE licensee and/or mortgage broker.

115.     Defendants AURORA, QLS and MERS are secondarily liable, contributorily liable, and/or vicariously liable for SCME and BEZ's fraud under the causes of action of civil conspiracy and aiding and abetting.

116.     Thus, Defendants, and each and every one of them, breached their duty by, *inter alia*, engaging in the deceptive and fraudulent conduct described above and by not taking into account Plaintiff' ability to repay the loan. Defendants further breached that duty by misrepresenting or failing to disclose material facts about the transaction including, but not limited to Defendants SCME and BEZ's failure to disclose and explain at any time during the loan process, inter alia, that Defendants:

       i.      Failed to provide all of the proper disclosures;

      ii.      Falsified Plaintiff's income;

     iii.      Overstated Plaintiff's finance charge;

     iv.      Failed to use proper and reasonable underwriting standards;

v.      Put Plaintiff in an unconscionable loan with a "balloon payment" in excess of $300,000.00;

vi.     Failed to disclose the junk fees associated with the loan;

vii.    Failed to disclose to Plaintiff that they were going to default because of the loan being unaffordable;

viii.   Concealed from Plaintiff the fact that the Deed of Trust and the Promissory Note would be part of a Pooling and Servicing Agreement and that the Defendants are not the holders in due course to which money is rightfully owed.

117.    Further, these Defendants and each of them intended to deceive Plaintiff by the misrepresentations and nondisclosures in an effort to unjustly enrich themselves.

118.    Plaintiff reasonably relied on the misrepresentations and nondisclosures and reasonably believed that these Defendants were acting in their best interest as their agents.

119.    Plaintiff did not know the truth of these Defendants deceptions and misrepresentations until they faced foreclosure. Had Plaintiff known the truth, Plaintiff would not have agreed to these Defendants' instructions to enter into the loan transactions or signed the loan documents.

120.    As a direct and proximate result of Plaintiff' reasonable reliance on these Defendants' misrepresentations and nondisclosures, Plaintiff sustained damages in an amount not yet ascertained to be proven at trial.  Plaintiff reasonably relied on Defendants' misrepresentations which were a substantial factor in causing Plaintiff damages.

121.    Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code § 3294, and Plaintiff should therefore recover, in addition to actual damages, damages to make an example of and punish these Defendants.

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein.

### THIRTEENTH CAUSE OF ACTION

### Unjust Enrichment

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

122.     Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

123.     The Deed of Trust for the loans compelled to deliver moneys to Defendants.  The moneys were the required monthly mortgage payments.  Because Defendants violated the above stated state statutes, the right of rescission is available to Plaintiff.

124.     Because Defendants and each of them do not have a legal right to demand payment and do not have a corresponding right to conduct a foreclosure sale for the alleged non-payment, Defendants have been unjustly enriched by the mortgage payments made by Plaintiff.

125.     Defendants' actions in this matter have been willful and knowing.

Wherefore, Plaintiff pray for judgment against Defendants, and each of them, as set forth herein.

### FOURTEENTH CAUSE OF ACTION

### Quiet Title

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

126.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

127.     Plaintiff seeks to quiet title against the claims of all Defendants.  Defendants' claims are without any right, and Defendants have no title, estate, lien, or interest in the Subject Property in that the purported power of sale contained in the Deeds of Trust is of no force and effect because Defendants' security interest in the Subject Property has been rendered void and the Defendants are not the holders in due course of the Promissory Note because they were placed in the trust pool pursuant to the PSA and that any attempt to foreclose is a fraud on the Court.

128.    Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff.

### FIFTEENTH CAUSE OF ACTION

### Injunctive Relief

(Against Defendants SCME, BEZ, AURORA, QLS and MERS)

129.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

130.    Plaintiff is entitled to injunctive relief in this matter based upon the following, but not exclusive grounds.

(a) Neither of the Defendants attempting to singularly or collectively foreclose on the property is the real party in interest in the foreclosure proceeding nor can they be the real party in interest in defending this action. Only the real party in interest can prosecute or defend a lawsuit and moreover, only the real party in interest can proceed with a judicial foreclosure. Plaintiff is informed and believes and thereon allege that neither of the Defendants is the holder of the note on the subject property. Therefore neither of the Defendants has the right to proceed with a foreclosure on the property and the Defendants should be enjoined from proceeding with a foreclosure without producing the original note and moreover establishing that they are holders of the note.

(b) On information and belief, Plaintiff alleges that Defendants are not the real parties in interest because they have sold or otherwise transferred the original note that represents the contract between Plaintiff and the original note holder for the purchase of the subject real property. Plaintiff are informed and believes and thereon allege that the original note has been sold or transferred to the trust pool and has been securitized whereby several investors have purchased the note securing the property such that it is difficult or impossible to determine who is the true note holder, beneficiary, mortgagee or owner of the right to foreclose on the property or to sell the property with clear title in the event of a foreclosure. Defendants should be required to produce the original note securing the property as collateral for any debt Defendants contend Plaintiff owes in order to determine to whom Plaintiff owes any money, if any.

(c) Plaintiff is informed and believe and thereon alleges that Defendant MERS is not a financial lending institution subject to California Corporations Code 191 and therefore must have legal capacity as a corporation to conduct business within the State of California.  Plaintiff is informed and believes and thereon alleges that Defendant MERS does not have standing to initiate foreclosure proceedings.

(d) Defendants and each of them have failed to make good faith reasonable efforts to attempt to make a mortgage workout plan between Plaintiff and Defendants, all of which would have worked out to Defendants' advantage and given them adequate protection of their interest in the property. Such failure and refusal to act in good faith by defendants is manifested by:

 (1) Failure to follow California Civil Code section 2924, et. seq. in dealing with Plaintiff;

(2) Failure and refusal to comply with the fair debt collection practice laws of the State of California in attempting to collect a debt.

131.    Defendants have recorded a Notice of Trustee Sale on the Subject Property and intend to sell the property on July 8, 2009 and unless restrained will sell or cause to be sold, the subject property, to Plaintiff's great and irreparable injury in that Plaintiff will have no right to redeem the Subject Property from the sale and have no adequate remedy at law with regard to her rights in the property.

132.    The scheduled sale is wrongful and should be enjoined by virtue of the facts alleged in this complaint and Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for herein is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interests.

**PRAYER**

1.  For a declaration that the Defendant's security interest in the Subject Property is void.

2.  For a declaration that the purported power of sale contained in the Deed of Trust has been rendered void and ineffective against the Subject Property.

3. For a declaration that the title to the Subject Property is quieted in Plaintiff.

4. For a declaration that the title to the Subject Property be reconveyed to Plaintiff.

5.  That Defendants and each of them be permanently enjoined from foreclosing on the Subject Property and any attempts at dispossessing Plaintiff of the Subject Property.

6.  For a declaration that the mortgages securing the Subject Property are cancelled and void and that any security interests and Promissory Note are void.

7.  For a judgment rescinding the promissory note and setting forth the terms of restitution.

8.  For a declaration that Plaintiff IMELDA LOMBOY is the prevailing party.

9.  For attorney's fees and costs of suit incurred herein;

10. For general and special damages

11. For punitive damages; and

12.  For such other and further relief as the Court deems just and proper.


Dated: 26 June 2009

Attestation Regarding Signature:  This Document is being filed electronically under my User ID and Password.  I have an original signed version of this document in my office files.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 26, 2009 in San Mateo, California.

/s/ REUBEN NOCOS
Reuben L. Nocos, Esq.
Attorney for Plaintiff
Imelda Lomboy

25

Complaint

VERIFICATION

I, IMELDA LOMBOY, hereby do declare:

I am the Plaintiff in the above entitled action.  I have read the above Complaint and know the contents thereof.  Based on my information and belief, I allege that those matters which are therein stated are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 26th day of June 2009 in San Mateo, California.


  /s/      IMELDA LOMBOY_____
          IMELDA LOMBOY